Michael J. Cohen
**WINNE, BANTA,**
**BASRALIAN & KAHN, P.C.**
Court Plaza South
21 Main Street, Suite 101
Hackensack, New Jersey 07601
(201) 487-3800
*Attorneys for Defendant, United Airlines, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KERLINE JEAN-FRANCOIS,<br><br>              Plaintiff(s),<br><br>- vs -<br><br>UNITED AIRLINES,<br><br>              Defendant(s). | Civil Action No.<br><br>N.J. State Court Docket No.: ESX-L-4144-25<br><br><br><br>**NOTICE OF REMOVAL** |

Defendant, United Airlines, Inc. (improperly named as United Airlines) ("United") hereby files this Notice of Removal of the above-entitled action to the United States District Court for the District of New Jersey, from the Superior Court of New Jersey, Essex County, where the action is now pending, as provided by 28 U.S.C. § 1441, *et seq.*, and states:

**BACKGROUND**

1.    On May 29, 2025, Plaintiff Kerline Jean-Francois ("Plaintiff") filed a civil action in the Superior Court of New Jersey, Essex County, Law Division, entitled *Kerline Jean-Francois v. United Airlines,* Docket No.: ESX-L-004144-25 (the "State Court Action"). A true copy of the Complaint is attached hereto as **Exhibit A**.

2.    United's first notice of the filed State Court Action was on June 3, 2025, when it was served with the Summons and Complaint via the Essex County Sheriff's Department at

Terminal C, Newark Liberty International Airport. A copy of the Affidavit of Service filed on the State Court docket is annexed as **Exhibit B**. To date, no other pleadings have been filed in the Superior Court.

3.      Accordingly, pursuant to 28 U.S.C. § 1446(b)(2)(B), United has timely filed the instant Notice of Removal within 30 days after notice of the State Court Action.

4.      The New Jersey Superior Court, Essex County, is located within the District of New Jersey. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## THIS COURT POSSESSES FEDERAL QUESTION JURISDICTION

5.      This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction in this case under 28 U.S.C. §1331, which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.      In this purported discrimination action, the Complaint alleges that the plaintiff suffered damages as a result of United's failure to provide wheelchair assistance while traveling in certain portions of Terminal C at Newark Liberty International Airport.

7.      The narrative portion of the Complaint alleges, on its face, claims pursuant to the Air Carrier Access Act (ACAA) and the Americans with Disabilities Act (ADA), both of which are federal statutes.

8.      In view of the Complaint's allegations, which are centered on alleged non-compliance with the ACAA and ADA (which United disputes), the Plaintiff has pleaded a federal question on the face of her complaint in a manner sufficient to confer jurisdiction in this Court, pursuant to 28 U.S.C. § 1331, because the plaintiff's claims "arise under" federal law.

## THIS COURT POSSESSES DIVERSITY JURISDICTION

9.      This Court also possesses subject matter jurisdiction under 28 U.S.C. § 1332, which provides for diversity jurisdiction in federal courts.

10.     The parties are diverse because they are citizens of different states.

11.     As set forth on page 1 of the Complaint, the Plaintiff resides in Bloomfield, New Jersey.

12.     United is a Delaware corporation with a principal place of business in Illinois. *See, e.g., Barone v. United Airlines*, Inc., 355 Fed. Appx. 169, 178 n.5 (10th Cir. 2009) ("United is incorporated in Delaware and maintains its principal place of business in Illinois."); *Zito v. United Airlines, Inc.*, 523 F. Supp. 3d 377, 382 (W.D.N.Y. 2021); *Lovell v. United Airlines, Inc.*, 728 F. Supp. 2d 1096, 1099 (D. Haw. 2010) ("United is a citizen of Illinois."); *Daly v. United Airlines*, Inc., 2017 U.S. Dist. LEXIS 130832, at *4 (D. Conn. Aug. 16, 2017) ("United is a Delaware corporation with a principal place of business in Chicago, Illinois."); *Assaye v. United Airlines, Inc*., 2017 U.S. Dist. LEXIS 191539, at *2 (D. Haw. October 30, 2017) (same and collecting cases).

13.     This matter also satisfies the diversity jurisdiction statute's amount in controversy requirement. Plaintiff alleges compensatory and punitive damages totaling $7,000,000.00, exclusive of any interest or costs. *See* 28 U.S.C. § 1332(a).

## CONCLUSION

14.     By removing this matter, United does not waive, or intend to waive, any defenses it might have, including, but not limited to, insufficiency of process and insufficiency of service of process and/or lack of personal jurisdiction, and reserves the right to assert all defenses herein.

15.     Pursuant to 28 U.S.C. § 1446, copies of this Notice of Removal will be served upon Plaintiff, and will be promptly filed with the Clerk of the Superior Court of New Jersey in Essex County, New Jersey.

**WHEREFORE**, defendant, United Airlines, Inc., requests that this action proceed in this Court as an action properly removed to it.

**WINNE, BANTA,**
**BASRALIAN & KAHN, P.C.**
*Attorneys for Defendant,*
*United Airlines, Inc.*

By:     *s/ Michael J. Cohen*

Dated: June 30, 2025              Michael J. Cohen

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Notice of Removal has been served, via e-courts, upon the Clerk of the Superior Court of New Jersey, Essex County; and, via regular mail upon Plaintiff, *pro se*, Kerline Jean-Francois, 41 Fritz Street, Bloomfield, New Jersey 07003, and via email at *jeremie1967@yahoo.com*.

*s/ Michael J. Cohen*

Dated: June 30, 2025              Michael J. Cohen

# EXHIBIT A

# Form A

**Filing Attorney Information:**

_____ Jean-François

___ ID Number _____

__ 41 Fritz Street

Bloomfield, New Jersey 07003

Email Address   Jeremie 1967 @ yahoo. com

Telephone Number 973 338 0094 ext. _____

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ESSEX VICINAGE

MAY 29 2025

FINANCE DIVISION
RECEIVED/FILED

Superior Court of New Jersey

Law Division   Essex   County

Civil   Part

Kerline Jean-François,
                                    Plaintiff,

v.

United Airlines,
Stacey. Haire @ united.com   Defendant(s).

Docket No: _____
(to be filled in by the court)

Civil Action

**Complaint**

Plaintiff, Kerline Jean-François, residing at: 41 Fritz Street,
City of Bloomfield, County of Essex, State of New Jersey,
complaining of defendant, states as follows:

1. On July 12, 20 24 United Airlines, Defendant:
(Summarize what happened in your claim against the defendant. Use additional pages if necessary.) See additional pages, please.
Plaintiff provided advance notice during reservations that I needed wheelchair service and self-identified, to United Airlines staff at the airports EWR and ORD, as the passenger with a disability needing the service. The defendant failed to act with due care to assist, support and serve plaintiff from the gate to the airplane. United Airlines did not comply with ACAA and ADA acts 382-95 a

The defendant in this action resides at:
Newark Liberty International Airport, Terminal C in the county of
Essex, State of New Jersey.   Or 3 Brewster Road, Newark, New Jersey 07114. 1 Terminal C,

2. Plaintiff is entitled to relief from defendant under the above facts. Injunctive / punitive $5,000,000.00 (5 million). pain and suffering $2,000,000.00 (2 million)

3. The harm that occurred as a result of defendant's acts include: (list each item of damage and injury)

   1. Abuse and neglect because plaintiff's health and safety were in immediate jeopardy

Revised 08/15/2022, CN 10553
Revised 08/15/2022, CN 11210

BATCH# 087 FILED 5-29-25
CASH/RECEIPT # 25142 AMT. 250.—

page 9 of 10

### Form A

2. Inconvenience, distress, physical pain, anxiety due to the lack of assistance. As the situation arised, plaintiff used extra pain medications as prescribed, on 6/14 and 6/23/2024. This is irreparable harm, the damage was done.

3. Plaintiff's disability status will be proven to the court with medical notes. I am qualified for disability assistance. I establish I have a disability as defined by ADA. The defendant's egregious act was preventable, United Airlines discriminated against plaintiff on the basis of disability by failing to provide accessible service and did not protect my civil rights.

Wherefore, plaintiff requests judgment against defendant for damages, together with attorney's fees, if applicable, costs of suit, and any other relief as the court may deem proper.

May 29, 2025
_____
Dated

Kerline Jean-François
_____
Signature

I certify that the dispute about which I am suing is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

May 29, 2025
_____
Dated

Kerline Jean-François
_____
Signature

**OPTIONAL: If you would like to have a judge decide your case, do not include the following paragraph in your complaint. If you would prefer to have a jury to decide your case, please sign your name after the following paragraph.**

**JURY DEMAND**

The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court *Rules* 1:8-2(b) and 4:35-1(a).

May 29, 2025
_____
Dated

Kerline Jean-François
_____
Signature



New Jersey Judiciary
Civil Practice Division
# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the
black bar is not completed, or attorney's signature is not affixed.

## For Use by Clerk's Office Only

| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |
|---|---|---|---|---|

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| *Kerline Jean-François* | 9733380094 ext. | *Essex* |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| | |

| Office Address - Street | City | State | Zip |
|---|---|---|---|
| *41 Fritz street* | *Bloomfield* | *NJ* | *07003* |

| Document Type | Jury Demand |
|---|---|
| *Complaint* | ☑ Yes  ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| *Kerline Jean-François* | *Kerline Jean-François, Plaintiff United Airlines v. Defendant* |

Case Type Number (See page 3 for listing) *618, 005*

| | | |
|---|---|---|
| Are sexual abuse claims alleged? | ☐ Yes | ☑ No |
| Does this case involve claims related to COVID-19? | ☐ Yes | ☑ No |
| Is this a professional malpractice case? | ☐ Yes | ☑ No |
| If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. | | |
| Related Cases Pending? | ☐ Yes | ☑ No |
| If "Yes," list docket numbers | | |
| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | ☐ Yes | ☑ No |
| Name of defendant's primary insurance company (if known) | ☐ None | ☑ Unknown |

| The Information Provided on This Form Cannot be Introduced into Evidence. |
|---|

**Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation**

Do parties have a current, past or recurrent relationship?  ☐ Yes  ☒ No

If "Yes," is that relationship:

☐ Employer/Employee  ☐ Friend/Neighbor  ☐ Familial  ☐ Business
☐ Other (explain) _____

Does the statute governing this case provide for payment of fees by the losing party?  ☒ Yes  ☐ No

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition.

 

Do you or your client need any disability accommodations?  ☐ Yes  ☒ No
   If yes, please identify the requested accommodation:

Will an interpreter be needed?  ☐ Yes  ☒ No
   If yes, for what language?

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**

Attorney/Self-Represented Litigant Signature: *Kerline Jean-Francois*

Please send all ecourts filing to:

Stacey Haire, one of the defendant's Claims/Legal Specialist - Customer Care

**Stacey.Haire@united.com**

Her direct line is (866)330-4530 ext. 6351

Service can be done to one of the defendant's managers at EWR United Airlines,

**Angie Koumoutsos and Barbara Kaplan**

Term C Baggage Service

Customer Relations

Newark Airport Newark NJ 07114

973-681-1621

**Haire, Koumoutsos, and Kaplan are not parties in the complaint.**

Thank you for your consideration !

Respectfully,

Kerline Jean-Francois

*Plaintiff, Kerline Jean-Francois, am legally disabled for the past 18 years. I am a frequent traveler. Plaintiff look normal but has limited mobility due to herniated discs in neck and back, spinal illness, osteoarthritis, and frequent legs cramps. Medical notes and court documents will prove plaintiff impairments. Plaintiff can only walk short distances without falling. This is the reason I do not request disability accommodations from the court. I can manage sometimes.*

*Plaintiff, Kerline Jean-Francois, bring a civil lawsuit against the defendant, United Airlines, because the Airlines failed in its duty of care of this passenger, the plaintiff, who tried to exercise caution for my own safety well in advance of my trip.*

*The claim against the defendant was premised upon the fact that the defendant, United Airlines, had a duty as a common carrier to use the highest degree of practical care and foresight for the safety of the plaintiff. Air carriers are "deemed to comply" with their ACAA and ADA obligation to make wheelchair assistance accessible to qualified passengers. Plaintiff, Kerline Jean-Francois, am a qualified passenger.*

*Plaintiff preserve my rights that allow me to assert my claim. Plaintiff suffered indignity and anguish during the trip on July 12, 2024, at the Atlanta and Newark International airports.*

*The Air Carrier Access Act (ACAA) is a law that makes it illegal for airlines to discriminate against passengers who are disabled. The ACCA applies to all flights to and from or within the United States. Under the ACAA, airlines are required to provide disabled passengers' help. The help that airlines are obligated to provide disabled passengers includes but is not limited to: Wheelchairs or guided help to the board, deplane, or connect.*

*Plaintiff have already proven to the Department of Transportation (DOT) that the defendant, United Airlines, failed to provide reasonable accommodations requires showing that the*

*defendant was aware of the disability and the need for accommodation but failed to take*

*appropriate action. The Department of Transportation found that the defendant violated*

*"ACAA violation 49 U.S.C. Section 41705, and ACAA implementing rule 14C F R part 382".*

*United Airlines has had a pattern to fail accommodating plaintiff with wheelchair assistance for*

*the past three years. Anytime I filed a complaint directly to the defendant, its customer care*

*employees involved in the investigation lied and blamed plaintiff for avoiding sanctions from the*

*DOT, and accountability. The interactive process mandated by the ADA and ACAA is key here.*

*Air carriers must actively engage in action to explore possible accommodations for plaintiff,*

*and failure to do so on July 12, 2024, constitute ACAA violation 49 U.S.C. Section 41705, and*

*ACAA implementing rule 14C F R part 382. The DOT on April 29, 2025, concluded it*

*investigation and found that the defendant violated ACAA violation 49 U.S.C. Section 41705,*

*and ACAA implementing rule 14C F R part 382. It is legal documentation I include as reference*

*with my complaint. Plaintiff also include correspondence between plaintiff and defendant for the*

*court's record as evidence. They are critical to establishing plaintiff's claim.*

*Plaintiff establish that I have a disability as defined by the ADA, demonstrating a physical or*

*mental impairment that substantially limits major life activities. The ADA Amendments Act of*

*2008 broadened this definition, making it easier for individuals to qualify. Major life activities*

*include tasks such as walking, speaking, and working. Medical documentation and expert*

*testimony can help substantiate the impairment and its impact.*

*A USA court already established that plaintiff have a disability as defined by the ADA,*

*demonstrating a physical or mental impairment that substantially limits major life activities. The*

*ADA Amendments Act of 2008 broadened this definition, making it easier for plaintiff to qualify.*

*One of my major life activities includes a task such as walking harder for me at any airport due*

to waiting in lines and long distance to walk to a gate. When there is no assistance available, plaintiff endured physical pain when waiting in long lines and walking long distance to gates. Many times, there was a change in the gate. Plaintiff shall provide medical documentation to help substantiate the impairments and its impact to show that I am not misusing the service.

The defendant violates: **382.27(e)** *Your reservation and other administrative systems must ensure that when passengers provide the advance notice that you require, consistent with this section, for services and accommodations, the notice is communicated, clearly and on time, to the people responsible for providing the requested service or accommodation.* **382.51 b (1) (2)**

**(1)** *This means that passengers with a disability must be able to move readily through such terminal facilities to get to or from the gate and any other area from which passengers board the aircraft you use for such flights (e.g., the tarmac in the case of flights that do not use level-entry boarding). This obligation is in addition to your obligation to provide enplaning, deplaning, and connecting assistance to passengers.*

Under the Air Carrier Access Act, airlines are required to provide free, prompt wheelchair assistance to passengers with disabilities. This includes helping passengers move between gates and make flight connections.

Plaintiff filed a complaint with the DOT. This allowed the agency to investigate violations of the ACAA, impose sanctions, and require the airline to demonstrate efforts to prevent future violations. Plaintiff made every effort to seek enforcement by the DOT. By law, the defendant must provide Assistance to plaintiff throughout the Airports.

If a passenger has a disability but the wheelchair service does not assist with the passenger's disability, the carrier may propose other assistance services to support the passenger with his or

her needs (e.g., a passenger who has difficulty walking long distances but is able to climb up and down stairs may be provided assistance to the gate through the use of a cart instead of a wheelchair, a passenger who is blind or low vision and needs wayfinding assistance should be provided guide assistance and not wheelchair service). Plaintiff did not receive any other assistance from the defendant.

Airlines are required to help passengers with a disability as they navigate through different portions of the airport, this includes: Assisting you from the terminal entrance (or vehicle drop-off point) to the gate location where your flight is departing, including the security checkpoint, and onto the aircraft to your seat; and Assisting you from your aircraft seat on an arriving flight through the airport to the gate location of your connecting flight (if you have a connection); and

Assisting you from the gate location of your connecting flight to your seat on the aircraft; and Assisting you from your aircraft seat on an arriving flight through the airport to the baggage claim area, terminal entrance, or vehicle pick-up location.

Providing Assistance in the Key Function Areas of the Airport. When providing assistance to passengers with disabilities who are navigating the airport, airlines are also required to provide assistance to passengers in the key function areas of the airport (ex. ticket counters, baggage claim, etc.) Providing Baggage Assistance to Passenger with Disabilities, airlines are required to assist passengers in carrying their gate-checked or carry-on luggage when passengers are unable to carry the luggage due to their disability. When an airline is providing assistance to a passenger who is not independently mobile because of a disability, the airline must not leave the passenger unattended for more than 30 minutes.  This requirement applies even if another person is accompanying the passenger, unless the passenger explicitly states that it is okay for the airline to leave them unattended for more than 30 minutes. To receive such assistance, plaintiff

*always self-identified to airline staff at the airports as the person with a disability needing this service.*

***The defendant owed a duty of care to plaintiff. That duty was breached through careless actions. The breach directly caused damage. The damage was foreseeable and not too remote. It is negligence, defined as failing to act as a reasonable person should. This means that if the defendant's actions fall below the standard level of care that an ordinary person would have used, you are negligent.***

***The only thing plaintiff needed to do to receive help in getting around the airport is to simply tell the airline's staff that I need help, or a cart, or a wheelchair. Once plaintiff do so, the defendant has an obligation to provide safe assistance.***

*The court must grant the damages because the defendant has a pattern of failure to assist, serve, and support plaintiff and does little to ensure that the ACAA violations will not be repeated on future flights taken by plaintiff or other disabled travelers. The defendant puts profit before protection of the plaintiff. Some of the defendant's employees lied and blamed plaintiff to avoid accountability and sanctions from the DOT, Plaintiff assert that the defendant abuse, neglect, discrimination, and civil rights violation by failing to provide assistance as requested by plaintiff during reservations, self-identified and confirmed at airport and promised by the defendant."*

*The Relief Requested: "Plaintiff seeks $5,000,000.00 in punitive; injunctive damages, ensuring that the ACAA violations will not be repeated on future flights taken by plaintiff or other disabled travelers; $2,000,000.00 for pain and suffering. There is a pattern. Defendant never takes responsibility for their egregious action. Plaintiff asked a formal apology and an order for specific performance to prevent the same intentional issue to repeat again to plaintiff and to any*

disabled passenger in the future. **"Therefore, the plaintiff respectfully request that the court grant the relief sought."**

Your Honor, the defendant owed a duty of care to plaintiff. That duty was breached through careless actions by the defendant, United Airlines on July 12, 2024. Plaintiff preserve my rights that allow me to assert my claim. Plaintiff suffered physical pain, anxiety, emotional distress, indignity, and anguish during the trip on July 12, 2024, in the Atlanta and Newark International airports. **The defendant, United Airlines violated** ACAA violation 49 U.S.C. Section 41705, **and ACAA implementing rule 14C F R part 382. The DOT on April 29, 2025, concluded it investigation and found that the defendant violated ACAA violation 49 U.S.C. Section 41705, and ACAA implementing rule 14C F R part 382.** Plaintiff will submit medical notes as evidence directly to the court and to the defendant to be kept confidential. Plaintiff respectfully seeks $5,000,00.00 (5million dollars) for injunctive/punitive damages, and $2,000,000.00 (2 million dollars) for pain and suffering.

Thank you for your time and consideration, Your Honor!

Respectfully submitted,

Kerline Jean-Francois

May 29, 2025



**U.S. Department of
Transportation**
Office of the Secretary
of Transportation

**GENERAL COUNSEL**

1200 New Jersey Ave., S.E.
Washington, DC 20590

April 29, 2025

Ms. Marie Kerline Jean-Francois
41 Fritz Street
Bloomfield, NJ 7003

Dear Ms. Jean-Francois:

This letter is in further reference to your disability complaint regarding United Airlines. We were sorry to hear of the incident and appreciate the opportunity to advise you of the outcome of our investigation. Enclosed you will find an Investigation Summary Sheet that details the results of our investigation, which was based on the Air Carrier Access Act (ACAA), 49 U.S.C. Section 41705, and our implementing rule, 14 CFR Part 382.

In particular, the Investigation Summary Sheet identifies the applicable section of 14 CFR Part 382, provides a brief summary of that section and explains this office's view on whether the carrier has violated the ACAA and 14 CFR Part 382. If your complaint raises more than one disability issue, an additional Investigation Summary Sheet has been attached to address each issue.

If we believe the complaint or incident involves a violation, the Investigation Summary Sheet indicates the action that we plan to take. We will either pursue formal enforcement action or by copy of this letter notify the airline specified in your complaint of our determination and warn it that any similar incidents could lead to formal enforcement action. Generally, we will pursue enforcement action on the basis of a number of complaints from which we may infer a pattern or practice of discrimination. However, where one or a few complaints describe particularly egregious conduct on the part of a carrier and those complaints are supported by adequate evidence, we will pursue enforcement action as our resources permit. If we decide to seek enforcement action against the airline, your complaint will be among those considered in the context of this action, which may lead to the issuance of a cease and desist order and to the assessment of civil penalties. In the event that this enforcement action leads to litigation, it is possible that we may need sworn statements or witnesses for a hearing. We will advise you if, in fact, we need your further help.

For your information, in an enforcement case, the U.S. Department of Transportation is limited to issuing cease and desist orders and assessing civil penalties not to exceed $34,174 per violation. Such action can only be accomplished through settlements or formal hearings before administrative law judges. We cannot order compensation for aggrieved parties. To obtain a personal monetary award of damages, a complainant would have to file a private legal action that may be based on private contract rights or on civil rights statutes that provide for a private right of action.

If we have insufficient evidence or it appears that the airline specified in your complaint has not violated the ACAA, we will not pursue enforcement action. Notwithstanding our decision not to pursue enforcement action, however, private legal action may be pursued in the courts based on private contract rights or on civil rights statutes that provide for a private right of action and, in such a proceeding, monetary damages may be sought.

Regardless of whether the airline has been determined to have violated the ACAA, we have entered your complaint in our computerized industry monitoring system, and the carrier's ACAA complaint totals in our monthly *Air Travel Consumer Report* reflect your complaint. Our monthly report is made available to the

aviation industry, the news media and the general public so that both consumers and air travel companies can compare the overall complaint records of individual airlines, as well as the number of disability complaints filed against particular carriers.  This system also serves as a basis for rulemaking, legislation, and research.

Moreover, we also routinely monitor our complaint records to determine the extent to which carriers are in compliance with the ACAA and to track trends or spot areas of concern which we feel may warrant further action.  This ongoing process also enables us to ensure prompt corrective action whenever we determine that an airline's policies or procedures are not in compliance with our ACAA regulations.  Your complaint will be among those considered in the context of this overall process.

I hope this further information is useful.  Thank you again for taking the time to contact us.

Sincerely,

Livaughn Chapman, Jr.
Deputy Assistant General Counsel
 for Aviation Consumer Protection

By: Maegan Johnson
Senior Attorney
Office of Aviation Consumer Protection
U.S. Department of Transportation

Enclosures
cc: United Airlines



**U.S. Department of Transportation**
Office of the Secretary
of Transportation

GENERAL COUNSEL

1200 New Jersey Ave., S.E.
Washington, DC 20590

## INVESTIGATION SUMMARY SHEET

| | |
|---|---|
| **Case Number:** | TU2024115902 |
| **Complainant Title:** | MS |
| **Name:** | MARIE KERLINE JEAN-FRANCOIS |
| **Address:** | 41 FRITZ STREET<br>BLOOMFIELD, NJ 7003 |
| **Passenger(s):** | Marie Kerline Jean-Francois |
| **Airline:** | United Airlines |
| **Travel Date(s):** | 07/12/2024 |
| **Flight Number(s):** | 1423 |
| **City Pair:** | Newark, NJ - Atlanta, GA |
| **Location of Incident:** | Newark (EWR) |
| **Complaint/Issue:** | Failure to provide boarding assistance |
| **Applicable Section of 14 CFR Part 382:** | 382.95(a) |
| **Section Summary:** | (a) As a carrier, you must provide or ensure the provision of assistance requested by or on behalf of passengers with a disability, or offered by carrier or airport operator personnel and accepted by passengers with a disability, in enplaning and deplaning. This assistance must include, as needed, the services of personnel and the use of ground wheelchairs, accessible motorized carts, boarding wheelchairs, and/or on-board wheelchairs where provided in accordance with this part, and ramps or mechanical lifts. |
| **Rule Violated?** | Yes |
| **Remarks:** | You state that you did not receive wheelchair assistance from the gate to board your flight at Newark International Airport.<br><br>We have concluded that United Airlines violated the law when it did not provide you with assistance to board flight UA1423.<br><br>If we decide to seek enforcement action against the airline with respect to this issue, this complaint would be among those considered, which may lead to the issuance of cease-and-desist order and to the assessment of civil penalties. By copy of this letter, the carrier will be warned in this instance. |

## *What Happened :*

There are six flights dates, 12/19/2023 & 12/24/23, BF0SDR UA 1613 & UA1848. I know those dates passed the 180-day deadline for filing a complaint. However, I include them to show there are similar and repeated patterns. The UA employees involved in the incidents and in charge of the files always blame me. PTRD7L on 6/19/2024, EWR-ORD & 6/23/24, ORD-EWR; OWSR7X on 7/12/24, EWR-ATL & 7/19/24, ATL-EWR

Failure to provide wheelchair assistance from gate to the aircraft. I made the requests at the time of reservations, and I confirmed upon arrival at all airports. Please note that I had assistance from the terminal lobbies to the gates and from the aircraft to the terminals. Therefore, it is evident I confirmed the requests. Please consider and pay attention to the correspondence I had with UA and ask UA records of checking and boarding time. UA changed the incident for one of the complaints by claiming I refused assistance from the lobby to the gate when my complaint is about failure to assist from gate to aircraft. Further note that I sent a message, UA added with all my Etickets that I requested assistance. I send all the information I could to the Dot to back up the truth I am telling. UA must provide the internal information they have on file like passenger's checking and boarding time, and verbal complaint I made at the airports or gates the same day an incident happened.

Message below from UA with EACH Etickets confirmation:

***Your wheelchair request is confirmed.***

***Find information about how to request assistance or cancel your wheelchair reservation. When you arrive at the airport, please notify a United representative that you require a wheelchair for transportation to your gate.***

*From: jeremie1967@yahoo.com*

*Message: I got wheelchair assistance at the EWR and ORD terminals to the gates and from the aircraft to the terminals on June 19, 2024, and June 23, 2024. However, I requested wheelchair assistance from the EWR and ORD gates to the aircraft. The United Airlines employees told me to sit down and to wait; no wheelchair assistance. I was obliged to get up and to walk to the aircraft. Please check the time I checked in and the time I boarded the aircraft on June 19, 2024, and June 23, 2024. Thank you for your attention to this matter!*

**United Customer Care**

**To: me · Wed, Jul 10, 2024 at 3:07 PM**

*Hi Kerline,*

*Thank you for sharing your concerns about your experience in Chicago and Newark while traveling with us on June 19, 2024 and June 23, 2024.*

*We are equally concerned with what you've detailed, and I will be reviewing this further with our wheelchair vendors. Currently, we respond in about 1 to 2 weeks, but some regulatory matters may take up to 30 days. I'll reach out to you once I've completed my review.*

*Thank you in advance for your patience.*

*Regards,*

*Tia Oliver*

*DOT/CRO/Disability Manager United Customer Care Case ID: 171927867263923*



*Kerline Jean-Francois*

*To:  customer.care@united.com · Thu, Jul 11, 2024 at 9:25 AM*

*Thanks!*

*This is the best way to contact me via email.*

*I do not have a cell phone.*

*Regards,*

*On Friday, December 13, 2024 at 09:23:17 AM EST, CareInfo@united.com*

*<careinfo@united.com> wrote:*

*Hi Kerline,*

*Thank you for your response.*

*I appreciate your willingness to discuss this further. Could you please let me know a convenient time and the best contact number to reach you at?*

*Looking forward to our conversation.*

*Regards,*

*Tia Oliver*

*DOT/CRO/Disability Manager*

*United Customer Care*

*Case ID: 173203988686983*

*On Tuesday, July 16, 2024 at 03:54:05 PM EDT, customercare@united.com*

*<customercare@united.com> wrote:*

*Hello Kerline,*

*Thank you for your patience while we reviewed your travel experiences with us on June 19, 2024 and June 23, 2024. I hope this message finds you well, and I appreciate the opportunity to share our findings.*

*I understand from your correspondence you received wheelchair assistance to the gates in both Newark and Chicago, but it wasn't provided from the gates to the aircraft. This is simply not reflective of the level of service we want to extend to our customers, as wheelchair assistance should always be provided in a timely and adequate manner upon a customer with a disability requesting the assistance. This includes providing boarding assistance to the aircraft. I sincerely apologize that we let you down and any distress this caused you.*

*After careful review, it was confirmed we were made aware of your mobility abilities and preplanned request for wheelchair assistance, as documented in your reservation. Therefore, the wheelchair service was made available for you. I noticed you checked in at the Kiosk at 7:47 PM, and then boarded at 9:16 PM. However, our Newark wheelchair vendor reported they were unaware of your need for mobility assistance to the aircraft door on June 19, 2024, as they did not receive the necessary self-identification and request for assistance.*

*Then, in Chicago on April 23, 2024, I also see you checked-in at the Kiosk at 4:11 AM and boarded the aircraft at 5:39 AM. Our wheelchair vendor reported there was no service request for you, as there's no record of providing mobility assistance for you. While it appears you spoke*

*with a wheelchair attendant in the lobby area, our record shows you exited the line and went to the security checkpoint without wheelchair assistance.*

*Based on this information, I'm unable to admit our service did not meet the appropriate federal disability requirements. This comment isn't intended to excuse or dispute your disappointment in our service but merely to present my findings.*

*We're committed to ensuring all our customers have access to the same services. Each airport has trained Complaint Resolution Officials (CRO) who are available upon request to resolve service issues for customers with disabilities. In the future, a CRO may be requested if assistance is needed at the airport, or you may call our Accessibility Desk at (800) 228-2744.*

*Thank you for sharing your concerns and participating in our MileagePlus program. We hope to welcome you back soon under better circumstances.*

*Regards,*

*Tia Oliver*

*DOT/CRO/Disability Manager*

*United Customer Care*

*Case ID: 171927867263923*

**Kerline Jean-Francois To:  customercare@united.com · Tue, Jul 16, 2024 at 10:51 PM**

*I abhor defending myself against lies. I never wrote that I did not get assistance from the lobby to the gate for departures and from the gate to the lobby upon arrival for both flights. I wrote that I did not get assistance from the gate to the aircraft. Do you understand the truth this time? Also, what line are you talking about that I existed? For your information, after checking, I had to hand my checked and went to a corner and wait for a wheelchair assistant as per the 2 UA agents who helped me at EWR and ORD. Therefore, it cannot be accurate that I existed the line after I spoke with a wheelchair assistant and went to checkpoint. Even if that were true, I did not travel on April 23, 2024, but on June 23, 2024. Also, my complaint is not about assistance from the lobby to the gate, Tia Oliver. Check the facts and get back to me ! What is the name of the wheelchair assistant on April 23, 2024? I did not travel on April 23, 2024.*

*I requested assistance at the gates. As a matter of fact, the UA agents at both airports told me to sit and wait. No assistance, I boarded the aircraft almost at the end of boarding. When did boarding start for both flights? Did I board the aircraft as a passenger for group 2 or as a passenger who had priority boarding or needed assistance? Did I board the aircraft early or in the middle or at the end of boarding time for both flights, Tia Oliver? My complaint has nothing to do with the lobby to the gate or from the gate to the lobby. I got assistance. I requested assistance at the time of reservations. I am sick and disabled. I did receive assistance from the lobby to the gate. I was at the airport early, as a fair lady, I could never ask the assistant to stay with me for about hours. However, I requested assistance at boarding time, they told me to sit and wait, and no one came to help me at boarding time. You change totally my complaint based on your answer, Tia Oliver. I am waiting for your response.*

*Truly, Kerline Jean-Francois*

*On Wednesday, December 4, 2024 at 09:14:33 AM EST, Kerline Jean-Francois*

*<jeremie1967@yahoo.com> wrote:*

*To:  me · Tue, Dec 3, 2024 at 3:38 PM*

*Hello Kerline,*

*I'm truly sorry for any frustration my response may have caused. Your experience matters to us, and we did not meet your expectations.*

*We take our commitment to federal disability regulations seriously and your feedback is invaluable in this regard. Rest assured, your concerns have been communicated to our management team for further review and appropriate corrective action. Our priority is to provide our customers with the necessary assistance and accurate information they deserve.*

*Thank you for reaching out again.*

*Regards,*

*Tia Oliver*

*DOT/CRO/Disability Manager*

*United Customer Care*

*Case ID: 173203988686983*

*On Tuesday, December 3, 2024 at 03:38:32 PM EST, careinfo@united.com*

*<careinfo@united.com> wrote:*

*Hello Kerline,*

*I'm truly sorry for any frustration my response may have caused.*

*(Yes, your responses have caused me a great deal of physical and emotional pain. I am an IMperfect fair and respectful lady. However, anyone who put me in a situation to defend myself against lies called me INdirectly a liar, and you know that I am telling the truth. I know that you fabricate the lies for United to avoid accountability. When you create lies to counter the truth I am telling, you call me a liar, but you cannot say it for two specific reasons because you know that you create lies around my complaints and you cannot write that I am a liar because you know that you are lying. Did I write a complaint that I did not get assistance from the EWR terminal to the gate? This is what your response was about I did not accept service from the vendor. I would never hesitate to call someone who is willfully, deliberately, knowingly, intentionally, and consciously lying a liar.)*

*Your experience matters to us, and we did not meet your expectations.*

*(Last December when I filed the complaint, Mrs. Lott lied in her first response. I confronted her and she admitted that United did not meet my expectations. I promised that I would contact her directly about any other issue in the future. However, United has my Luis Vuitton bag since December 24, 2023. Two of your United employees said that my bag is fake and the other told me that I am not disabled. There is discrimination involved. Mrs. Lott did not help me in that regard. Therefore, I stopped contacting her.)*

*We take our commitment to federal disability regulations seriously and your feedback is invaluable in this regard.*

**(This is not true. If you were, why did you change the facts, and you wrote your own version. You dismissed the issues in the complaint and said something else, I know nothing about.)**

*Rest assured, your concerns have been communicated to our management team for further review and appropriate corrective action. Our priority is to provide our customers with the necessary assistance and accurate information they deserve.*

**(You fabricated lies to avoid accountability. This is what airlines do. There is no reason to lie to put airline employees in trouble. I am an IMperfect lady, but I am not that bad to lie against people to put them in trouble. I could have contacted the DOT directly, but I filed a complaint with United to resolve the issue amicably. Do airline carriers ever admit their employees have done something wrong?)**

*Thank you for reaching out again.*

*Regards,*

*Tia Oliver*

*DOT/CRO/Disability Manager*

*United Customer Care*

*Case ID: 173203988686983*

*On Friday, December 13, 2024 at 09:23:17 AM EST, CareInfo@united.com*

*<careinfo@united.com> wrote:*

*Hi Kerline,*

*Thank you for your response.*

*I appreciate your willingness to discuss this further. Could you please let me know a convenient time and the best contact number to reach you at?*

*Looking forward to our conversation.*

*Regards,*

*Tia Oliver*

*DOT/CRO/Disability Manager*

*United Customer Care*

*Case ID: 173203988686983*

*United Customer Care - DOT TU2024115902 - (MARIE KERLINE JEAN-FRANCOIS)
MU0600*

**To:** me · Mon, Dec 16, 2024 at 4:52 PM

*Hi Kerline,*

*Thank you for your response.*

*Please be assured that we are presenting our findings in compliance with federal disability regulations. We have communicated your feedback, along with all necessary documentation, to the Department of Transportation. At this point, we have shared all available information with you.*

*We value your understanding in this matter.*

*Regards,*

*Tia Oliver*

*DOT/CRO/Disability Manager*

*United Customer Care*

*Case ID: 173203988686983*

*From: jeremie1967@yahoo.com*

*I do not have a cell phone as you know and the best way to contact me is via email.*

*The two reasons for contacting me via email are that the DOT must know what we talk about, and I go to therapy, therefore I am not home to pick up the phone.*

*United Airlines knows that I do not have a cell phone. It is best to contact me via email so the DOT can have our scripted conversation to decide the case. Also, I shall know what you must tell to defend myself against your consciously and intentionally created lies.*

*I do not trust you and you know that. You must reply to your first lies because your investigation was unfair because I filed a complaint to UA, and you accused me and the vendor. You did not resolve the issue in a truthful and fair manner. This is the rationale I involve the DOT, and I am happy there is some transparency now from the DOT. I am waiting for your answer. You intentionally lied, Tia Oliver, to UA to avoid accountability.*

*Truly,*

*Kerline Jean-Francois*

**Kerline Jean-Francois**

**To:  United · Tue, Feb 4 at 12:59 PM**

*Good afternoon !*

*Two weeks ago, I filed two surveys because I did not need to file a formal complaint.*

*I am tired of writing complaints because nothing changes, and I am defending myself always against intentional fabricated lies.*

*I wrote compliments about three employees.*

*I received a non-reply message from United Airlines that you will contact me. I am still waiting for your answer.*

*Thank you !*

*Respectfully,*

*Kerline Jean-Francois*

*From: Kerline Jean-Francois <jeremie1967@yahoo.com>*

*To: United Airlines Customer Care Team <customerexperience@send.concentrix.com>*

*Sent: Sunday, January 26, 2025 at 02:27:21 PM EST*

*Subject: Confirmation Number: CV1D75*

*Good afternoon !*

*I am sick. For now, I do not plan to file any complaint.*

*However, I answered both surveys after my round trip a week ago.*

*Two UA employees at West Palm Beach Airport, Patricia and Ebere helped me,*

*and a flight attendant, Kevin, was very professional.*

*I wrote notes in the surveys explaining everything.*

*If UA need to contact, please do so via email because I go to therapy,*

*and I do not have a cell phone.*

*I will write complaints and compliments when appropriate.*

*Truly,*

*Kerline Jean-Francois*

**Kerline Jean-Francois**

**To  United Airlines Customer Care Team · Tue, Feb 4 at 12:59 PM**

*Good afternoon !*

*Two weeks ago, I filed two surveys because I did not need to file a formal complaint.*

*I am tired of writing complaints because nothing changes, and I am defending myself always against intentional fabricated lies.*

*I wrote compliments about three employees.*

*I received a non-reply message from United Airlines that you will contact me. I am still waiting for your answer.*

*Thank you !*

*Respectfully,*

*Kerline Jean-Francois*


**To me · Tue, Feb 4 at 1:00 PM**

*If you are having technical difficulty accessing or completing the survey, please refer to our link to Technical Help below.*

*TECHNICAL ASSISTANCE FAQ*

*Thank you for participating in our survey.*

*Kerline Jean-Francois*

**To:** *United, and 1 other · Wed, Feb 12 at 11:13 PM*

*CV1D75*

*Please let me know how much time UA needs to answer my correspondence I sent the airlines almost three weeks ago. I answered the survey au lieu filing a complaint. I asked UA to contact me via email.*

*I do not know the deadline to receive an answer from UA,*

*But I know that I have 45 days from the travelling date to file a formal complaint.*

*Do I need to file a formal complaint to get UA's attention?*

*Thank you for your prompt response !*

*Truly,*

*Kerline Jean-Francois*

*Kerline Jean-Francois*

**To:** *United, and 1 other · Thu, Feb 13 at 9:26 AM*

*Kerline Jean-Francois*

**To:** *United, and 1 other · Thu, Feb 13 at 9:26 AM*

*Your customer care website for complaints and compliments is not working.*

*I entered my confirmation or my ticket number, and my name, I cannot continue.*

*Truly,*

*Kerline Jean Francois*

*0162442295139*

*CV1D75*

*2430 on January 18, 2025*

*1598 on January 22, 2025*

# EXHIBIT B

***** AFFIDAVIT OF SERVICE *****

SHERIFFS NUMBER: S & C25002095      DEFENDANT SEQUENCE 1 OF 1                    06/02/2025

----------------------------------------------------------------------
Summons & Complaint

I, Amir D. Jones, Sheriff of Essex County, do hereby deputize JOSEPH FEITH and appoint to be
my Deputy, To Serve and Return the Summons and Complaint according to Law.

COURT OF ISSUANCE: Superior Court
ENTERED BY: JOI

| ATTORNEY | Check # | Receipt # | Receipt Amt |
|---|---|---|---|
| KERLINE JEAN FRANCIOS | | | |
| 41 FRITZ ST | 2981783204 | 311876 | 25.10 |
| BLOOMFIELD NJ 07003 | | | |

COURT:   Superior Court
Docket #: ESXL00414425          State: NJ          County of Venue: Essex County
                              CAPTION OF CASE

Name:    KERLINE JEAN FRANCIOS
Vs       UNITED AIRLINES
                     DEFENDANT OR NAMED WITHIN TO BE SERVED

Name:    UNITED AIRLINES
Address: MANAGER                                           Hearing Date:
         3 BREWSTER ROAD                                   Time:
         NEWARK LIBERTY INTERNATIONAL AIRPORT
         NEWARK NJ 07114

Papers served:  CIVIL CASE INFORMATION STATEMENT, COMPLAINT, EXHIBITS, SUMMONS

------------------ SERVICE DATA RECORDED ----------------------------

 ✓  SERVED SUCCESSFULLY        ___ UNABLE TO SERVE        NUMBER OF ATTEMPTS ___

DATE: 6-3-25       TIME: 7:30                  DATE:_____   DATE:_____

REMARKS:

 ✓ Personally Delivered   ___ Officer   ___ Managing Agent   ___ Registered Agent
 ___ Copy left with competent household member   ___ Agent Authorized to accept
                                          Is in the Military  Is not in the Military

Person Served... Tony Calamusa  Supervisor
                                          (Title/Relationship)

Sex:    ✗ Male        ___ Female
Skin: ✓ White    ___ Black   ___ Yellow   ___ Brown ___ Red
Height: __ Under 5'   __ 5'-5.6'   ✗ 5.7'-6'   ___ Over 6'
Weight: __ Under 100#   __ 100-150#  ✗ 151-200#   __ Over 200#
Hair: __ Black   __ Brown   __ Blonde  ✗ Gray   __ Red   __ White   __ Balding
Age:  __ 14-20   __ 21-35   __ 36-50  ✓ 51-65   __ Over 65

SWORN TO AND SUBSCRIBED
BEFORE ME ON
                            SIGNATURE
                            SHERIFF'S OFFICER OF ESSEX COUNTY
                            STATE OF NEW JERSEY

# SUMMONS

Attorney(s) _Kerline Jean-Francois_

Office Address _41 Fitz Street_

Town, State, Zip Code _Bloomfield, NJ 07003_

Telephone Number _973 - 338 - 0092_

Attorney(s) for Plaintiff _____

**Superior Court of
New Jersey**

_Essex_ COUNTY

_Law_ DIVISION

Docket No: _Esx-C-004144-25_

_Kerline Jean-Francois_
Plaintiff(s)

Vs.

_United Airlines_

Defendant(s)

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro_se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

_Michelle M. Smith_
Clerk of the Superior Court

DATED: _June 02, 2025_

Name of Defendant to Be Served: _United Airlines_

Address of Defendant to Be Served: _Newark Liberty International Airport_
_Terminal C - Baggage dept._
_Attn. Barbara Kaplan_ _managers_
_Angie Koutmoutsos_

Revised 09/04/2012, CN 10792-English (Appendix XII-A)